UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.J. COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1020 TIA |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of A.J. Cole for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

On March 9, 2009, Petitioner pled guilty to the class B felony of first-degree assault, the class B felony of second-degree robbery, and the class B felony of kidnapping. (Resp't Ex. 2 pp. 14-23, 34-36) The Circuit Court of Crawford County, Missouri sentenced him to 12 years' incarceration on each count, with the second-degree robbery and kidnapping to run concurrently, and the first-degree assult to run consecutively. (Resp't Ex. 2 pp. 29-30, 34-35)

On July 7, 2009, Petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.035 and an amended motion through counsel on August 5, 2009. (Resp't's Ex. 2 pp. 37-45) On December 3, 2009, the trial court denied Petitioner's post-conviction motion after an evidentiary hearing. (Resp't's Ex. 2 pp. 46-48) The Missouri Court of Appeals affirmed the lower court's denial of post-conviction relief on December 7, 2010. (Resp't's Ex. 6) On June 3, 2011, Petitioner filed the present petition for

habeas relief in federal court. Petitioner is currently serving out his sentence at the Potosi Correctional Center located in Mineral Point, Missouri.

**Petitioner's Claim**

In his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, Petitioner raises one claim for federal habeas relief. He alleges that there was an insufficient factual basis for Petitioner's guilty plea to first degree assault and that he did not make the plea knowingly and/or voluntarily. Specifically, Petitioner contends that the prosecution did not establish "serious physical injury" as defined by Mo. Rev. Stat. § 556.061.28 resulting in a violation of his constitutional rights.

**Legal Standards**

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

## IV. Discussion

The undersigned finds that the determination of the state court was not contrary to, nor did it involve an unreasonable application of, federal law. Because a guilty plea waives numerous constitutional rights, the plea must be knowing, intelligent, and voluntary. Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). A guilty plea is not voluntary where the defendant "does not understand the nature of the constitutional protections that he is waiving or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Id. at 1141–42. In addition, Missouri Supreme Court Rule 24.02(e) provides that "[t]he court shall not enter a judgment on a plea of guilty unless it determines that there is a factual basis for the plea." However, "[t]here is no federal constitutional requirement that a state defendant's

guilty plea have a factual basis, unless the defendant pleading guilty claims he is innocent of the relevant charge." Mosby v. Russell, No. 4:08CV1478 TCM, 2011 WL 4501042, at *11 (E.D. Mo. Sept. 28, 2011) (citing Wabasha v. Solem, 694 F.2d 155, 157 (8th Cir. 1982)).

Here, Petitioner does not claim that he is innocent of the charge; he merely asserts that the victim did not sustain serious physical injury as required to find a factual basis for a first degree assault plea of guilty. Missouri Revised Statute 565.050 provides, "[a] person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person. Assault in the first degree is a class B felony unless in the course there of the actor inflicts serious physical injury on the victim in which case it is a class A felony." Petitioner acknowledges that he kicked and beat the victim. However, Petitioner argues that the cut to the victims head requiring three staples, as well as the swollen mouth and throat rendering the victim unable to swallow pain medication, were not injuries creating a substantial risk of death, causing serious disfigurement, or causing a protracted loss or impairment of a function of any part of his body. See Mo. Rev. Stat. § 556.061.28.

The Court finds that Petitioner's claim fails. Whether a factual basis existed for the first degree assault charge "does not present an issue regarding any clearly established Supreme Court precedent but is purely a state law issue under the circumstances of this case." Mosby, 2011 WL 4501042, at *12. "Determinations of state law made by a state court are binding on a federal court in habeas proceedings." Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005) (citations omitted). "As the Supreme Court has emphasized, 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or

treaties of the United States.'" Id. (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

Here, the record shows that the Missouri Court of Appeals carefully considered the record in light of relevant state law to find:

> Cole expressly and unequivocally testified at the plea hearing that he committed the offenses charged, admitted the essential elements of the charges against him, and agreed that he was pleading guilty because he was, in fact, guilty. Given these sworn admissions and cases like ***Morgan*** and ***Ivy***, the motion court did not clearly err in finding factional bases for Cole's pleas.
>
> Further, the plea court carefully and fully examined Cole under oath and found that his guilty pleas were "made freely, voluntarily and intelligently, with full understanding of the charges and consequences of the pleas and with understanding of his rights attending a jury trial and the effect of pleas of guilty on those rights." As Cole does not challenge these findings, his non-jurisdictional Rule 24.02(e) complaint is of no moment per ***Berry*** and ***Smith***.
>
> Also, "serious physical injury" is not a statutory requirement for the Class B felony of first-degree assault (although, as Cole's counsel established at the evidentiary hearing, it raises the crime from a Class B to a Class A felony). *See* RSMo § 565.050 (2000). The plea bargain called for the first-degree assault to be reduced to its Class B form, and for Cole to plead to and be punished for that reduced felony, which is exactly what happened. Indeed, the record clearly reflects Cole's willingness to accept the plea offer and "demonstrate that he fully understood the nature of the charge against him before entering his guilty plea, which represented 'a voluntary choice of alternatives available to him at the time, according to his own best interests.'" ***Mosby v. State***, 236 S.W.3d 670, 679 (Mo. App. 2007) (quoting ***Turner v. State***, 755 S.W.2d 409, 410 (Mo. App. 1988)).
> . . .
>
> The trial court did not clearly err. ***Berry***, *supra*. There is no error of law that is jurisdictional, constitutional, or so fundamentally defective as to cause a complete miscarriage of justice. ***Schuerenberg***, *supra*. We affirm the judgment denying post-conviction relief.

(Resp't's Ex. 6 pp. 3-5)

The Court finds that the state court was not contrary to, nor did unreasonably apply, any clearly established federal law in reaching its decision that the guilty plea on the first degree

assault charge had sufficient factual support and in affirming the state motion court's denial of Petitioner's rule 24.035 motion for post-conviction relief. The issue presented to, and decided by, the state courts was purely a state law claim and not constitutionally based. Mosby, 2011 WL 4501042, at *12. Additionally, the trial and appellate state court decisions are based on a reasonable determination of the facts in light of the evidence presented. As aptly stated by the Missouri Court of Appeals, Petitioner was convicted of the Class B felony of first degree assault, which did not require serious physical injury as an element of the crime.[1] (Resp't's Ex. 6 p. 4); Mo. Rev. Stat. 565.050. As a result, Petitioner's habeas petition should be denied because it lacks merit.

The undersigned notes that Petitioner also seems to raise a claim that his plea of guilty was involuntary and unknowing based on his lack of education, his attorney's failure to explain to what Petitioner was pleading guilty, and his attorney's misinformation that Petitioner was pleading guilty for a sentence in a 120-day program. However, Petitioner failed to present this theory in his post-conviction appeal. (Resp't's Ex. 4 p. 12; Ex. 6 p. 2)

Failure to present claims to the Missouri courts at any stage of the direct appeal or post-conviction proceedings constitutes procedural default. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997); see also Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997) (citation omitted) ("A claim presented to the state court on a motion for post-conviction relief is procedurally

---

[1] In his Traverse, Petitioner argues for the first time in this federal proceeding that the injuries he inflicted on the victim also did not amount to attempt to cause serous physical injury. Petitioner did not present this claim to the Missouri Court of Appeals in his post-conviction appeal. (Resp't's Ex. 4 p, 14; Resp't's Ex. 6 p. 2) For the reasons set forth below, this claim is procedurally barred, and Petitioner has failed to demonstrate either cause and prejudice or actual innocence to overcome the bar.

defaulted if it is not renewed in the appeal from the denial of post-conviction relief."). A federal court lacks the authority to reach the merits of procedurally defaulted claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327; Murray, 477 U.S. at 496. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665, 666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

Petitioner concedes that he did not present the claim that his guilty plea was unknowing and involuntary in his post-conviction appeal. Further, he does not claim cause and prejudice or actual innocence. Therefore, this claim is procedurally barred and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of A.J. Cole for a writ of habeas corpus (ECF Nos. 1, 3) is **DISMISSED** without further proceedings.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2253, no certificate of appealability shall issue in this cause inasmuch as Petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of September, 2014.